UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig A. Martin,                                    Case No. 3:26-cv-1019

                    Plaintiff

        v.                                          MEMORANDUM OPINION
                                                    AND ORDER

Trooper R. Lamarr, et al.,

                    Defendants

## I. INTRODUCTION

*Pro se* plaintiff Craig A. Martin filed this fee-paid action under 42 U.S.C. § 1983 against

Trooper R. Lamarr, the Ohio State Police, and the Third District Court of Appeals.[1]  (Doc. No. 1).

For the reasons stated herein, this matter is STAYED pending the resolution of *State of Ohio v. Craig*

*A. Martin*, Case No. TRD2600143 (Celina Mun. Ct. filed Jan. 22, 2026).

## II. BACKGROUND

Plaintiff's complaint concerns traffic proceedings initiated against him in Celina Municipal

Court on January 22, 2026.  (*See* Doc. Nos. 1, 1-3).  Plaintiff was charged with speeding and pleaded

not guilty to the charge.  *See* Case No. TRD2600143.  It appears that Plaintiff's counsel attempted to

negotiate a reduced charge, but Plaintiff failed to agree to the terms.  (*See* Doc. No. 1-3).  Plaintiff's

counsel withdrew, and thereafter, Plaintiff filed an appeal with the Third District Court of Appeals,

---

[1] Plaintiff lists Trooper R. Lamarr twice in the caption of the Complaint, along with the Ohio State Police.  (*See* Doc. No. 1 at 1).  In the "Parties" section of the complaint, however, Plaintiff identifies the defendants as Trooper R. Lamarr and "Appeals of Ohio Third Appellate District Mercer Co." (*Id.* at 3).  The Court construes this action as against Trooper  Lamarr, the Ohio State Police, and the Third District Court of Appeals.

Mercer County. *See Ohio v. Martin*, No. 10-26-08 (3rd Dist. Apr. 6, 2026). The court of appeals determined there was no final appealable order issued by the trial court and dismissed the appeal for lack of jurisdiction. *Id.* The municipal court docket indicates that Plaintiff's traffic case is still pending, with a trial currently scheduled for August 26, 2026. *See* Case No. TRD2600143.

In this complaint, Plaintiff challenges the lawfulness of the traffic stop. He claims that he was lawfully operating a motor vehicle and initiated a pass of a slow-moving vehicle travelling approximately 50 to 55 miles per hour. According to Plaintiff, during the maneuver, Trooper Lamarr approached in an oncoming police vehicle and created an immediate and dangerous hazard, which caused Plaintiff to "temporarily exceed[] the posted speed limit solely as a necessary emergency maneuver to avoid imminent collision and serious bodily harm." (Doc. No. 1-2). Plaintiff claims that the citation exposes him to a suspension of his CDL (commercial driver's license). *Id.* He alleges his traffic charge constitutes an unreasonable seizure, a state-created danger, and a deprivation of his livelihood, in violation of the Fourth and Fourteenth Amendments. *Id.* Plaintiff seeks declaratory, injunctive, and monetary relief. (Doc. No. 1-1 at 4).

### III. ANALYSIS

Our structure of government urges federal courts to abstain from exercising jurisdiction over a claim when ruling on the claim would interfere with ongoing state proceedings. The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971), prevents federal courts from interfering in pending state-court proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings, and it promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights. *Id.* The *Younger* abstention is not a question of

2

jurisdiction, but is based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Abstention is therefore appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third

3

factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, all three factors warranting abstention are present. The Celina Municipal Court docket indicates Plaintiff's state traffic case is still pending. *See* Case No. TRD2600143 (Celina Mun. Ct. filed Jan. 22, 2026). In fact, the docket indicates that trial is currently scheduled for August 26, 2026. *Id.* And state traffic prosecutions implicate important state interests. *See Gorenc v. City of Westland*, 72 F. App'x 336, 338 (6th Cir. 2003) (state traffic proceedings implicate important state and local interest in the enforcement of traffic laws); *Page v. City of Lakewood*, No. 1:26-cv-00219, 2026 WL 1242976, 2026 U.S. Dist. LEXIS 99854, *4 (N.D. Ohio May 6, 2026). Finally, there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. The requirements of *Younger* are therefore satisfied, and I must abstain from interfering in the pending state action.[2]

## IV. CONCLUSION

Accordingly, all proceedings in this case are STAYED pending the conclusion of the state court proceedings in the Celina Municipal Court, including all appeals of the judgment in that case. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' . . . 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)).

---

[2] The complaint does not demonstrate that this case implicates any exception to the *Younger* doctrine. *See Ada-Cascade Watch Co., Inc. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 902 n.2 (6th Cir. 1983) (listing exceptions to *Younger*); *see also Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (citations omitted).

This case is ADMINISTRATIVELY CLOSED, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating that the state court case listed above and all appeals in that case have been resolved or concluded.  No claims or defenses are waived as a result of the stay.  All pending motions are denied without prejudice to refiling in the event the case is reopened. Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved.  Until a motion to reopen is granted, no other filings will be considered by the Court, and the Clerk's Office is directed to return any documents submitted for filing other than a motion to reopen.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge